[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-13535
Non-Argument Calendar

_____

D. C. Docket Nos. 04-80339-CV-WJZ & 01-08074 CR-WJZ

MILTON SMITH,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 20, 2007)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

On March 25, 2002, petitioner pled guilty to Count I of a two-count

indictment, which charged him with conspiring in violation of 21 U.S.C. § 846 to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1). On April 11, 2003, the district court sentenced him to prison for a term of 108 months and a five-year term of supervised release.

On April 12, 2004, petitioner moved the district court to vacate his sentence pursuant to 28 U.S.C. § 2255 on the ground that his attorney rendered ineffective assistance of counsel by failing to object to the imposition of the five-year term of supervised release. The district court denied his motion and his application for a certificate of appealability ("COA"). We likewise denied his application for a COA, and petitioner then petitioned the Supreme Court for a writ of certiorari. In response to his petition, the Solicitor General confessed error: counsel rendered ineffective assistance in not calling to the district court's attention the fact that the five-year term of supervised release the court imposed exceeded the two-three-year range prescribed by the Sentencing Guidelines, specifically U.S.S.G. § 5D1.2(a)(2).[1] On January 8, 2007, the Court granted his petition, vacated our judgment, and remanded the case with the instruction that we grant a COA so we

---

[1] Count I of the indictment alleged a Class C felony, in that it described an offense involving "a detectable amount of cocaine." At sentencing, the court's probation officer misinformed the court that petitioner's offense was a Class B felony that called for a term of supervised release of three-five years.

could consider the Solicitor General's confession of error.  We granted the COA, and in its reply brief, the Government has confessed the error the Solicitor General pointed out.  We therefore **vacate** the district court's denial of petitioner's § 2255 motion and **remand** the case for resentencing.

**SO ORDERED.**